1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERARDO SALMERON CORRALES,

          Petitioner,

   v.

JEFFERSON B. SESSIONS, III, in his official
capacity as United States Attorney General,

          Respondent.

_____/

No. C 18-05069 WHA

**ORDER DENYING MOTION
FOR EMERGENCY STAY
OF REMOVAL AND
DISMISSING ACTION FOR
LACK OF JURISDICTION**

**INTRODUCTION**

      Petitioner moves for a stay of removal pending the Board of Immigration Appeal's

decision on his motion to reopen his removal proceedings. For the reasons explained below, the

motion is **DENIED** and this action is **DISMISSED** for lack of subject-matter jurisdiction.

**STATEMENT**

      Petitioner Gerardo Salmeron Corrales, a 22-year-old Mexican immigrant, entered the

United States without inspection at the age of three. In 2015, Immigration and Customs

Enforcement placed petitioner in removal proceedings after he was convicted of misdemeanor

possession of Xanax (a controlled substance). During petitioner's removal proceedings, he

applied for asylum and relief from removal based largely on his status as a paraplegic, arguing

that returning to Mexico would put him at risk of being targeted by various criminal groups.

Although petitioner also testified during his asylum hearing that drug cartels in Mexico had

murdered his aunt and cousin, petitioner had no further information regarding those murders at the time (Dkt. Nos. 1, 9-1 Exhs. A–C).

In June 2015, the immigration judge denied petitioner's asylum application on the grounds that petitioner failed to articulate a cognizable ground for relief and further failed to prove an exception to the one-year filing deadline under 8 U.S.C. § 208(a)(2)(B). The immigration judge also ordered petitioner removed to Mexico. Petitioner timely appealed to the BIA. While that appeal was pending, the immigration judge granted petitioner bond in the amount of $10,000 (Dkt. Nos. 1-1 at 108, 9-1 Exhs. D–E).

The BIA dismissed petitioner's appeal in September 2015. Petitioner then sought review by our court of appeals, which in September 2017 remanded the case to the BIA to determine whether petitioner's membership in his family could serve as a cognizable social group for purposes of petitioner's asylum application (Dkt. No. 10 Exhs. G–I).

Also in September 2017, law enforcement arrested petitioner (who had since been released on bond) for crimes related to possession of a firearm and participation in a criminal street gang. In March 2018, following reconsideration of petitioner's asylum claim, the BIA again dismissed petitioner's appeal. Although the BIA indicated that persecution on account of one's membership in their family could be the basis for asylum, petitioner had not established that any criminal group in Mexico held any animus towards petitioner's family or that petitioner had a reasonable fear of persecution. Petitioner did not seek judicial review of that decision (Dkt. Nos. 9-1 Exhs. I–K, 10 Exh. J).

At some point, petitioner learned through his mother and extended family in Mexico the reason for the murder of his aunt and cousin. Specifically, petitioner learned that his uncle had been involved with a drug-trafficking group in Mexico and had slept with the wife of one of the group's members. The aggrieved group member then threatened to kill petitioner's uncle's entire family, following which petitioner's aunt and cousin were brutally murdered. Moreover, while petitioner's various appeals were pending, the drug-trafficking group kidnaped, tortured, and murdered petitioner's uncle (Dkt. Nos. 1-10, 9-1, 10 Exh. K).

Also, following petitioner's release from immigration detention, petitioner married Monica Rodriguez, a United States citizen who suffers from bipolar disorder and relies on petitioner's support to deal with her mental illness. Petitioner has since submitted an application for cancellation of removal based on his relationship with his wife (Dkt. Nos. 1-11, 10 Exhs. L–N).

ICE re-arrested petitioner in August 2018 to effectuate the removal process and notified the Mexican Consulate of petitioner's physical disability and impending removal. The Mexican Consulate then interviewed petitioner to coordinate petitioner's removal, recommended a commercial flight to Acapulco, Guerrero, and informed ICE that petitioner's father agreed to care for petitioner upon his arrival in Mexico (Dkt. No. 9-1 Exh. G).

On August 3, petitioner asked the BIA to reopen his removal proceedings and requested an emergency stay of removal. On August 19, petitioner filed the instant emergency application for a stay of removal pending the BIA's adjudication of his motion to reopen. The following day, an order stayed petitioner's removal to allow time for briefing on the emergency application. On August 21, the BIA denied petitioner's request for a stay of removal, concluding that "there is little likelihood" that the motion to reopen will be granted. This order follows full briefing and oral argument (Dkt. Nos. 1, 5, 7, 10 Exh. O).

**ANALYSIS**

Pursuant to the REAL ID Act of 2005, district courts lack habeas jurisdiction to review final orders of removal. Rather, such review is vested exclusively in the circuit courts. 8 U.S.C. § 1252(a)(5). Moreover, Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Accordingly, this order must decide whether or not petitioner's motion "aris[es] from" the decision to execute a removal order against him.

The government argues that Section 1252 divests district courts of subject-matter jurisdiction to review motions like petitioner's motion because they "arise from" the execution of removal orders. Petitioner, in turn, contends that Section 1252 does not apply in the instant

3

case because he is "not challenging the Attorney General's discretionary decision to execute his order of removal," but instead merely requests an opportunity to meaningfully present his claim for relief prior to his removal from the country. This order concludes that the government has the stronger argument.

Our court of appeals has not directly addressed whether or not district courts have jurisdiction over a motion to stay removal pending the BIA's resolution of a motion to reopen. Courts in this district are split on the issue. *Compare Ma v. Holder*, 860 F. Supp. 2d 1048, 1062 (N.D. Cal. 2012) (Judge Edward Davila), *and De Leon v. Napolitano*, No. C 09-3644, 2009 WL 4823358 (N.D. Cal. Dec. 10, 2009) (Judge James Ware), *with Sied v. Nielson*, No. C 17-6785, 2018 WL 1142202 (N.D. Cal. Mar. 02, 2018) (Magistrate Judge Laurel Beeler). Nevertheless, two prior decisions by the undersigned warrant discussion. In *Arce v. Holder*, No. C 12-04063 WHA, 2012 WL 3276994 (N.D. Cal. Aug. 9, 2012), the habeas petitioner sought a stay of removal pending the BIA's ruling on his application to reopen his asylum claim. The petitioner had not moved for a stay a removal with the BIA and accordingly sought a stay of removal from the district court in the first instance. Because the petitioner's habeas petition "clearly [sought] to 'halt the execution of the final order of removal arising from a proceeding brought in connection with Petitioner's removal," the Court found that it lacked jurisdiction over the petitioner's claims. *Id.* at *2 (citing *Rosales v. Aitken*, 2011 WL 4412654, at *3 (N.D. Cal. Sept. 21, 2011) (Judge Lucy Koh).

In *Gbotoe v. Jennings*, No. C 17-06819 WHA, 2017 WL 6039713 (N.D. Cal. Dec. 6, 2017), by contrast, the BIA had already denied the petitioner's application for a stay of removal by the time the petitioner filed his habeas petition in the district court. In light of the BIA's denial of a stay without ruling on the simultaneously-filed motion to reopen, the petitioner's habeas petition requested a stay of removal pending the BIA's decision on the motion to reopen. The undersigned judge distinguished the petitioner's request from that presented in *Arce*. As an initial matter, the petitioner could not appeal the BIA's interim order denying a stay of removal directly to our court of appeals, *Shaboyan v. Holder*, 652 F.3d 988, 911 (9th Cir. 2011), and so declining jurisdiction over the petitioner's claims would have made the BIA's order effectively

unreviewable. Moreover, because the petitioner's challenge to the BIA's denial of a stay was collateral to the petitioner's removal order, he did not seek direct review over his removal order. The undersigned judge accordingly rejected the government's argument that Section 1252 divested the district court of jurisdiction.

The facts of the instant action are more akin to those in *Arce* than those in *Gbotoe*. Petitioner's motion, which petitioner filed while his application to stay was still pending before the BIA, clearly challenges "the decision or action" to "execute removal orders against" him. 8 U.S.C. § 1252(g). Although the BIA denied petitioner's application for a stay after petitioner filed the instant motion, petitioner's cursory request in his reply brief that the undersigned consider the BIA's denial of the stay "as well" does not sufficiently raise the issue for review. Petitioner fails to explain, for example, whether or how the BIA erred in denying his requested stay. Unlike in *Gbotoe*, petitioner's motion does not challenge events that occurred after the removal order was entered, and accordingly the Court lacks subject-matter jurisdiction to hear petitioner's request.

Contrary to petitioner, application of the REAL ID Act here does not violate the Suspension Clause. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. I, § 9, cl. 2. The Supreme Court has held, however, that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). If a substitute remedy provides the same scope of review as a habeas remedy, it is adequate and effective. *Id*. at 381–82. Our court of appeals has accordingly found that the REAL ID Act does not violate the Suspension Clause because the statute "provides an 'adequate substitute' by allowing judicial review of the final order of removal through the courts of appeals." *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007).

Petitioner argues that the administrative review process does not provide an adequate means by which he may petition our court of appeals for review of his removal order because such review will likely occur after his removal to Mexico. Not so. Removed aliens may

continue to pursue their cases even after removal.  *Reyes-Torres v. Holder*, 645 F.3d 1073, 1074–75 (9th Cir. 2011).  Petitioner, who is represented by counsel, has failed to show that he would be unable to contest his case in our court of appeals from Mexico following a merits decision by the BIA.  For this same reason, this order rejects petitioner's summary argument that application of the REAL ID Act in this case would violate the Due Process Clause.

## CONCLUSION

Because this Court lacks jurisdiction, the motion for a stay of removal is **DENIED**.  The government's request for dismissal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 19, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE